IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TOMMY D. ROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-3108-CV-S-RED-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Tommy Roe ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 410 *et seq.*, as amended. Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to Section 205(g) of the act and 42 U.S.C. § 405(g), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is

comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff argues one point of error, that the ALJ erred by improperly weighing the medical evidence of record and deriving an RFC that does not properly take into consideration all of the evidence. Plaintiff claims that the ALJ did not give proper weight to Plaintiff's treating physicians, Drs. Jain and Neeley, in arriving at this RFC. Moreover, Plaintiff alleges that the ALJ improperly disregarded all of Plaintiff's testimony regarding his functional limitations.

As a general rule, the courts grant deference to a treating physician's findings as the treating source has the best chance to observe and evaluate a claimant's medical condition. *Morse v. Shalala*, 16 F.3d 865, 872 (8th Cir. 1994). However, even though it is generally entitled to substantial weight, an opinion is not conclusive merely because it comes from a treating physician. *Kelly v. Callahan*, 122 F.3d 583, 589 (8th Cir. 1998). Rather, the ALJ may reject the opinion of any medical

expert that is inconsistent with the medical record as a whole. *Bentley v. Shalala*, 52 F.3d 784, 787 (8th Cir. 1995). Further, the opinion of a treating physician must be supported by medically acceptable clinical or diagnostic data. *Kelly*, 133 F.3d at 589.

In Plaintiff's case, the ALJ specifically discussed and discounted both the opinion of Dr. Neeley, Plaintiff's treating physician, and that of Dr. Jain, Plaintiff's treating psychiatrist. Neither of these physicians were Plaintiff's treating physician during the relevant time period. Thus, the opinions of these two physicians are not related to the relevant time period. Moreover, "even assuming the assessments by his treating physician and psychiatrist related to the pertinent time period, which they do not, the significant restrictions set forth in the statements are not supported by treatment records." (TR. 19)

Dr. Neeley's Medical Source Statement - Physical is based in part on subjective complaints of the Plaintiff, which the ALJ discounted. Moreover, it is inconsistent with clinical and laboratory findings and the treatment Plaintiff received. Treatment notes indicate that Plaintiff's symptoms are "improved" or "unchanged" with a GAF of 55. This statement was completed three years after the relevant time period; and Plaintiff did not begin seeking Dr. Neeley until after the time period in question.

The Court also finds it significant to note, as did the ALJ, that Plaintiff had forgone medical treatment from May 2001, until February 2003, due to a "falling out" with his physician. Part of this time period encompasses the relevant time period of July 24, 1999, to June 30, 2001.

Dr. Jain also began seeing Plaintiff after the relevant time period. It appears that psychiatric treatment may have been completed in the 1980's, but none during the relevant time period. Dr. Jain's treatment notes state that Plaintiff had mood swings, anxiety, anger, and irritability which

were improved.  However his Medical Source Statement - Mental does not comport with these treatment notes.  In the Medical Source Statement - Mental, Dr. Jain notes extreme limitations in the ability to maintain concentration for extended periods and to work in coordination with others, complete a normal work day, and deal with the public, peers, and supervisors.

From the record, it is clear that the treatment notes of Drs. Jain and Neeley do not comport with the Medical Source Statements they provide.  These statements also clearly do not relate to the relevant time period in question.  The ALJ correctly discounted them in her decision.

Plaintiff also argues that the RFC is not supported by substantial evidence in this case because the ALJ improperly discounted his subjective complaints. The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987).  Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996).  When making a disability determination, the adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.  *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted).  However, the adjudicator may discount the complaints by considering  the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999); *Polaski*, 739 F.2d at 1322.  An ALJ may discount a claimant's subjective complaints only if there are inconsistencies in the record as a whole. However, the rules do not require that the ALJ mention and analyze each element of

*Polaski* independently, but merely to consider them. *See Brown*, 87 F.3d at 966.

In this case, it is clear that the ALJ took into account the Plaintiff's daily activities, which Plaintiff stated include "normal things that can be done at home" such as dishes, household chores, laundry, dusting, and yard work. The ALJ also mentioned Plaintiff's work history in determining his credibility. Plaintiff's work history shows that he has never earned over $10,000.00, even in years for which no claim of disability is made. The Court further notes that Plaintiff is not challenging the credibility determination of the ALJ in and of itself, only to the extent the ALJ did not rely upon Plaintiff's subjective complaints in determining his RFC.

Accordingly, it appears the ALJ reviewed all the medical evidence, resolved conflicts in the evidence, and arrived at a Residual Functional Capacity in accordance with the Commissioner's regulations and applicable law that will not be disturbed on appeal. *See Pearsall*, 274 F.3d at 1219; *Weber v. Apfel*, 164 F.3d 431, 432 (8th Cir. 1999) (finding that the ALJ can discount evidence from physicians in light of contrary evidence in the record). This finding is supported by the record as a whole.

## IV. Conclusion

Upon a review of the record, the Court finds that substantial evidence supports the ALJ's findings in regard to the Plaintiff's RFC. Accordingly, it is hereby

ORDERED that the decision of the ALJ is **AFFIRMED.**

DATE:   March 21, 2006         */s/ Richard E. Dorr*
                               RICHARD E. DORR, JUDGE
                               UNITED STATES DISTRICT COURT